**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wade Robertson,<br>Appellant,<br>v.<br>Gresham Worldwide Incorporated,<br>Appellee. | No. CV-26-05962-PHX-MTL<br>**ORDER** |

Pending before the Court is Appellant Wade Robertson's Protective Motion for Leave to Appeal. (Doc. 7.) Appellee Gresham Worldwide, Inc., responded, and Appellant replied. (Docs. 15, 18.)

**I.**

Appellee is a reorganized Chapter 11 debtor. Before the bankruptcy, Appellant sued Appellee in California state court. (Doc. 12 at 3-4.) The Bankruptcy Court allowed that suit to proceed on the condition that Appellant not enforce any resulting judgment against Appellee without first obtaining further order from the Bankruptcy Court. (*Id.*) The Bankruptcy Court later confirmed Appellee's Chapter 11 plan, which discharged prepetition claims and enjoined claim holders from enforcing those claims outside the plan. (*Id.*)

Appellant later obtained a state-court judgment and garnished Appellee's bank account to enforce it. (*Id.*) Appellee then filed a motion asking the Bankruptcy Court to void the garnishment, hold Appellant in contempt for violating the discharge injunction,

and impose sanctions (the "Contempt Motion"). (*Id.*) On August 12, 2026, the Bankruptcy Court entered its Order for Immediate Release of Funds (the "Release Order"). (*Id.*) The Release Order declared the garnishment void and directed that the garnished funds be returned to Appellee, but it did not decide whether Appellant is in contempt or what sanctions, if any, are warranted. (*Id.*)

Appellant appealed the Release Order. (Doc. 1.) He contends that the Release Order is final and therefore appealable as of right. (Doc. 7 at 6.) In the alternative, he asks the Court to grant leave to appeal. (*Id.* at 5.) Appellee argues that the Release Order is interlocutory and that leave should be denied. (Doc. 15 at 2.)

On October 13, 2026, after Appellant filed this appeal, the Bankruptcy Court resolved those questions. It found Appellant in civil contempt and imposed sanctions of at least $26,426.69, while permitting Appellee to seek additional fees (the "Sanctions Order"). *See Robertson v. Gresham Worldwide Inc.*, No. CV-26-07705-PHX-MTL, Doc. 1 at 9-22. Appellant appealed the Sanctions Order to this Court. *Id.*

**II.**

District courts have jurisdiction over appeals from "final judgments, orders, and decrees" of the bankruptcy court and, with leave of court, from interlocutory orders. 28 U.S.C. § 158(a)(1), (3). In bankruptcy, a case may contain many separate disputes, and an order may be final even though the overall case continues. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015). To determine whether an order is final, courts first identify the relevant "proceeding" within the larger case and then ask whether the order conclusively resolved the proceeding. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020). In *Ritzen*, for example, the Supreme Court held that a motion for relief from the automatic stay is its own proceeding, so an order fully resolving the motion is final and immediately appealable. *Id.* at 42-44. By contrast, an order that resolves only part of a proceeding is not final. *See Bullard*, 575 U.S. at 502-03 (holding that an order denying confirmation of a plan was not final because the confirmation process continued).

The Release Order is not final. The relevant proceeding here is Appellee's Contempt

Motion. The Contempt Motion asked the Bankruptcy Court to do three things: (1) void the garnishment, (2) hold Appellant in contempt, and (3) impose sanctions. (Doc. 12 at 36-44.) The Release Order addressed the first, but the other two remained pending when Appellant filed this appeal. (Doc. 16 at 1-2.) The Court finds that, because the Release Order did not conclusively resolve the Contempt Motion, it did not end the proceeding.

Appellant's arguments to the contrary are unpersuasive. The Ninth Circuit recently rejected the argument that an order is final because it fully resolved a discrete issue. *See Cabardo v. Patacsil (In re Patacsil)*, No. 25-342, 2026 WL 2529321, at *8 (9th Cir. Aug. 27, 2026). The Court declines to distinguish *In re Patacsil* based on Appellant's proposed distinction between "contested matters" and "adversary proceedings." (Doc. 18 at 5, 8-9.) The question under *Ritzen* is whether the order resolved the proceeding, and the Supreme Court in *Ritzen* itself applied that rule to a contested matter. 589 U.S. at 42-44.

The Release Order is therefore not a final order, and Appellant may not appeal is as of right under 28 U.S.C. § 158(a)(1).[*]

**III.**

Because the Release Order is interlocutory, Appellant may appeal only with leave of court. 28 U.S.C. § 158(a)(3). In deciding whether to grant leave, courts in the Ninth Circuit look to the standard set forth in 28 U.S.C. § 1292(b). *Lompa v. Price (In re Price)*, 79 B.R. 888, 889 (B.A.P. 9th Cir. 1987), *aff'd*, 871 F.2d 97 (9th Cir. 1989). Leave is appropriate where the order involves a controlling question of law, there is substantial ground for difference of opinion on that question, and an immediate appeal may materially advance the ultimate termination of the case. 28 U.S.C. § 1292(b); *see also Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Interlocutory review is reserved for "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

[*] That the Bankruptcy Court has since entered the Sanctions Order does not alter this conclusion. Appellant has separately appealed that order, *see Robertson*, No. CV-26-07705-PHX-MTL, and the Court need not decide whether it cured the prematurity of this appeal.

Appellant has not shown that an immediate appeal would materially advance the termination of this case. The Bankruptcy Court has since resolved the remaining issues in the Contempt Motion, and Appellant has appealed that ruling. *See Robertson*, No. CV-26-07705-PHX-MTL, Doc. 1. Appellant may raise his challenges to the Release Order in his appeal from the Bankruptcy Court's final order resolving the Contempt Motion. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1070-71 (9th Cir. 2012). Maintaining this separate appeal would produce only duplicative proceedings on the same issues.

Appellant also has not shown a substantial ground for difference of opinion. Such a ground exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point," or where "novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633. Appellant contends that the Ninth Circuit has not squarely decided whether an obligation arising from a post-effective-date settlement falls outside the discharge or whether a bankruptcy court may void a state-court judgment enforcing such an obligation. (Doc. 7 at 9; Doc. 18 at 8.) But "just because a court is the first to rule on a particular question" does not mean there is a substantial ground for difference of opinion. *Couch*, 611 F.3d at 634. The questions are not novel in the relevant sense, since the governing rule is settled under 11 U.S.C. § 1141(d)(1)(A). The proceeding turns on how the rule applies to the facts of this case, which does not, by itself, show a substantial ground for difference of opinion.

Appellant's final contention is that the jurisdictional nature of his arguments presents exceptional circumstances that independently warrant leave. (Doc. 7 at 10-11.) But every dispute over the reach of a discharge injunction implicates the bankruptcy court's authority, and Appellant identifies nothing that sets this case apart.

The Court will deny the Motion and dismiss this appeal for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Appellant's Protective Motion for Leave to Appeal (Doc. 7) is **DENIED**.

. . . .

**IT IS FURTHER ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction without prejudice as to Appellant's appeal from the Bankruptcy Court's final order resolving the Contempt Motion.

**IT IS FURTHER ORDERED** that Appellee's alternative request to defer the briefing schedule (Doc. 15 at 7) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to close this case.

Dated this 20th day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge